## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR SUMTER COUNTY, NEW YORK

ANGEL DARLING, CHRISTAL DIBBLE and AMANDA MIELE, on their own behalf and on behalf of those similarly situated to them,

    Plaintiffs,

vs.

TRAVEL CENTERS OF AMERICA, LLC, and TA OPERATING LLC,

    Defendants.

CASE NO.:

CLASS ACTION ALLEGATIONS

_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ANGEL DARLING, CHRISTAL DIBBLE and AMANDA MIELE, on behalf of themselves and other similarly situated current and former waitresses and servers employed by Defendants, (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby sue the Defendants, TRAVEL CENTERS OF AMERICA, LLC, and TA OPERATING LLC., (hereinafter refereed as "TA" and/or "Defendants"), who worked in the State of Florida at and were not paid at least the minimum wage for all hours worked, pursuant to the Fla. Const. Art. X § 24.

### I. Nature of Case

1. Defendants operate and conduct business in approximately 41 states, including the state of Florida.

2. Defendants collectively own and operate approximately <u>six (6)</u> "TravelCenters of America" restaurants throughout the State of Florida, including the following cities: Baldwin, Jacksonville, Marianna, Tampa, Vero Beach, and Wildwood.

3. In order to reduce labor costs, Defendants orchestrated a common policy and practice of forcing servers: to inaccurately report their tips based on a percentage of their gross sales rather than based on the actual tips they received during their shift, to pay for customer "walk outs," and to pay for "cash shortages."

4. Defendants' illegal practices have cost their servers thousands of dollars of compensation and related damages.

5. "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." Fla. Const. Art. X § 24(a).

6. Defendants violated the Florida Constitution by failing to pay class members that were employed in Florida at anytime within the past five (5) years at least the minimum wage for all hours worked pursuant to Fla. Const. Art X § 24(c) ("Employers *shall* pay Employees Wages no less than the Minimum Wage for *all* hours worked in Florida.") (emphasis added).

II. **Parties**

7. Plaintiffs were hourly paid servers who worked for Defendants within the last five (5) years in Sumter County, Florida.

8. Plaintiff, ANGEL DARLING, worked for Defendants as a server from approximately June to September 2011 at the Wildwood, Florida location.

9. Plaintiff, CHRISTAL DIBBLE, worked for Defendants as a server from approximately December 2009 to May 2010 at the Wildwood, Florida location.

10. Plaintiff, AMANDA MIELE, worked for Defendants as a server from approximately October 2008 to October 2010 at the Wildwood, Florida location.

2

11. The proposed class members worked for Defendants at its restaurants throughout Florida.

12. Defendants conduct business in Sumter County, Florida.

13. Defendants conduct business in Duval County, Florida.

14. Defendants conduct business in Jackson County, Florida.

15. Defendants conduct business in Indian River County, Florida.

16. Defendants conduct business in Hillsborough County, Florida

17. Each TA location shares and has interrelated operations.

18. Each TA location shares common officers and managers, regional managers, management companies, corporate trainers and other managers.

19. Additionally, the employee handbook was the same for each TA location.

20. Based on information and belief, the same person or persons have financial ownership and control over each TA location.

### III. Jurisdiction & Venue

21. Plaintiffs, on behalf of themselves and those similarly situated, allege that the aggregate damages for the entire class exceed $15,000.00, exclusive of attorneys' fees and costs.

22. This Court has jurisdiction and venue over this complaint as the named Plaintiffs, worked for Defendants in Sumter County, Florida.

### IV. General Factual Allegations

23. Plaintiffs worked as servers for Defendants at their TA locations throughout Florida.

24. Plaintiffs and those similarly situated were paid pursuant to a "tip credit" method and were paid the minimum wage minus the tip credit.

Case 5:12-cv-00390-WTH-PRL   Document 2   Filed 07/12/12   Page 4 of 14 PageID 17

25. At all material times, Defendants were an enterprise subject to the Florida Constitution's provision on minimum wages.

26. At all material times (during the last five years), Defendants were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as restaurant equipment, ovens, tables, chairs, cash registers, computers, ice machines, etc.

27. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

28. At all material times (during the last five years), Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

29. Defendants are in the business of providing food and drinks to the general public.

30. Specifically, Defendants operate approximately six (6) TA restaurants throughout the State of Florida.

31. Defendants each jointly employed Plaintiffs and have employed approximately three hundred (300) servers ("class members" or the "class") at their TA Florida locations in the last five (5) years.

32. Defendants employed Plaintiffs as an integrated enterprise and/or joint employers.

33. Plaintiffs and the class members worked in the State of Florida without being paid at least the minimum wage for all hours worked.

34. Defendants controlled and/or were responsible for the work of class members.

35. Plaintiffs and all similarly situated did a specific job, i.e. serve food and drink, which was/is an integral part of the restaurant business of Defendants.

36. Defendants utilized Florida's tip-credit and paid Plaintiffs and all similarly situated servers under the applicable minimum wage. Notwithstanding Defendants' preference to pay Plaintiffs and the class members through the tip-credit, Defendants chose to require Plaintiffs to report their tips based on a percentage of their gross sales rather than based on the actual tips they received during their shift, to pay for customer "walk outs", and to pay for "cash shortages." Hence, Defendants violated the terms of the tip-credit and Florida Constitution's provision on minimum wages.

37. Because of these policies, Defendants violated and continues to violate the tip credit allowed under the Florida Constitution.

38. As a result of this practice, Plaintiffs and those similarly situated servers were not paid the required minimum wage for each hour worked.

39. During their employment, one or more of the Plaintiffs complained about the illegal practices described above to management of TA and no action was taken to stop the illegal practices.

40. Plaintiffs have confirmed that these policies and practices occurred at the Wildwood, Florida location.

41. Defendants did not pay Plaintiffs additional direct wages to make up the difference between their actual hourly wages (based on direct wages plus actual tips received divided by hours worked) and the applicable minimum wage.

42. As a result, during one or more workweeks, Plaintiffs made less than the applicable minimum wage based on their direct wages, actual tips received, and hours worked.

43. During some workweeks, when business was slow, neither the tip credit based on a percentage of gross sales nor actual tips received were sufficient to cause Plaintiffs to receive the minimum wage for that week.

44. During those weeks where neither the tip credit based on a percentage of gross sales nor actual tips received were sufficient for Plaintiffs to make the minimum wage, Defendants did not make up the difference by paying additional direct wages to Plaintiffs.

45. An employer is required to ensure that a tipped employee receives at least the minimum wage when the direct wage and actual received tips are combined.

V. **Class Factual Allegations**

46. Plaintiffs and the putative class members were waitresses or servers employed by Defendants at any time between May 2007 to the present, and who were paid an hourly wage plus tips.

47. Plaintiffs and those similarly situated to them were subjected to the same pay practices or policies by Defendants in that they were paid a direct wage below the Florida minimum wage.

48. Plaintiffs and those similarly situated to them were allowed to keep tips, but were required to report tips based on a percentage of gross sales regardless of the actual tips they received.

49. Plaintiffs and those similarly situated to them were injured the same in that they often received less tips than they were required to report based on the percentage of gross sales, thus resulting in them making less than the minimum wage when their direct wages and received tips were combined.

50. Plaintiffs and those similarly situated to them were injured the same in that

they were required to reimburse the Defendants if and when they had to pay for customer walk outs.

51. Plaintiffs and those similarly situated to them were injured the same in that they were required to reimburse the Defendants if and when they had a shortage in their cash register.

52. Plaintiffs and those similarly situated to them were subjected to the same FLSA-violating practice or policy by Defendants of failing to ensure that waitresses and servers made at least the minimum wage when their actual tips received and direct wages were combined and failing to make up the difference by paying additional direct wages to the waitresses and servers. Thus, the class members are owed minimum wages for the same reasons as Plaintiffs.

53. The policies and practices identified herein were applicable to Plaintiffs and all the class members.

54. Application of these policies and practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of minimum wages to Plaintiffs applied and continue to apply to all class members.

55. Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation with respect to Plaintiffs and the class members.

56. Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

57. Defendants have no records to confirm when Plaintiffs and the class members

7

paid for any walk outs.

58. Defendants have failed to maintain accurate records of Plaintiffs' and the class members' tips received in accordance with the law.

59. Defendants failed to keep accurate time records for Plaintiffs and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

60. Defendants' failure to keep accurate time records casts the burden on Defendants to disprove the testimony of Plaintiffs and all class members regarding the number of hours they suffered or were permitted to work.

61. During the relevant period, Defendants violated Fla. Const. Art. X § 24 by failing to compensate the class members for all hours worked and by improperly taking the tip credit. Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

62. All conditions precedent to filing this action have been performed, or waived.

63. Plaintiffs have hired the undersigned law firms to represent them in this matter and are obligated to pay them reasonable fees and costs if they prevail.

## VI. Class Representation Allegations

### A. The Relief Sought for Members of the Class and the Provision for which Class Treatment is Appropriate.

63. This action is brought by Plaintiffs, and all similarly situated employees, under the provisions of Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3) for: (i) violations of the Florida Constitution minimum wage guarantee, (ii) money damages to be paid by the Defendants associated with the above claims; (iii) relief incident and subordinate thereto, including the costs and expenses of this action and an award of attorneys' fees and reimbursement of expenses to Plaintiffs' counsel.

64. The prosecution of separate claims or defenses by or against individual members of the class would create a risk of adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests.

65. Additionally, Defendants have failed or refused to act on grounds applicable to the entire class. All TA servers have suffered the same violations, and Defendants have refused to rectify the situation, making injunctive and/or declaratory relief appropriate for the class.

**B.      Common Questions of Law and Fact Predominate**

66. There are also common questions of law and fact in this class action that relate to and affect the rights of each member of the class including, *inter alia*:

   a) Whether Plaintiffs and the class members were required to report their tips based on a percentage of their gross sales rather than based on the actual tips they received during their shift,

   b) Whether Plaintiffs and the class members were required to pay for walkouts and cash shortages;

   c) Whether Plaintiffs and the class members are entitled to compensation for minimum wages for all hours worked according to the Florida Constitution;

   d) What remedies are appropriate compensation for the damages caused to Plaintiffs and each member of the class;

   e) Whether Defendants' failure to compensate Plaintiffs and the class members at the applicable minimum wage rates was willful, intentional or done with reckless disregard; and

9

    f)    Whether the Plaintiffs and the class members are entitled to a reasonable award of attorneys' fees, interest and costs of suit.

67.    The relief sought is common to the entire class including, *inter alia:*

    a)    payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

    b)    payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

    c)    payment by the Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiff's counsel.

**C.    Typicality**

68.    The claims of Plaintiffs, ANGEL DARLING, CHRISTAL DIBBLE and AMANDA MIELE, who will be the proposed representatives of the class, are typical of the claims of all class members thereof. These Plaintiffs are situated identically to all members of the class with respect to the issues presented in this case. The claims of these Plaintiffs are based on the same fundamental factual allegations and legal theories as the claims of all other member of the class. Similarly, if Defendants are violating the Florida Constitution, such violations affect these Plaintiffs and class members in an identical fashion.

69.    All class members have been adversely affected by the wrongdoing of the Defendants as described herein.

**D.    Numerosity**

70.    The exact number of members of the class as above described is not known by Plaintiffs, but is within the sole knowledge of Defendants. Upon information and belief, the members of the class are so numerous as to make a Class Action appropriate. Plaintiffs estimate

that there are/were in excess of **300** class members who worked for Defendants within the last five years subject to the same violations.

71. On information and belief, the members of the class are located throughout the state of Florida.

E. **Class Definition**

72. The proposed class is defined as follows:

> **All servers or waitresses who worked for Defendants within Florida during the five (5) years preceding this lawsuit, and who were not paid at least the minimum wage pursuant to Fla. Const. Art. X § 24(c) for each hour worked.**

- Individuals that do not fall within the defined class are excluded from the class.

F. **Adequacy of Representation**

73. Plaintiffs, ANGEL DARLING, CHRISTAL DIBBLE and AMANDA MIELE, are adequate proposed representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. Further, Plaintiffs are represented by experienced able counsel whose firm has litigated numerous collective actions and class actions. Plaintiffs have retained the undersigned law firms to represent them in this action. Plaintiffs intend to prosecute this action vigorously for the benefit of the entire class. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class. All prerequisites, if any, to bringing forth this action have been completed.

74. The attorneys for Plaintiffs are experienced and capable of prosecuting complex litigation such as this case. The attorneys for Plaintiffs and the class will actively conduct and be responsible for the prosecution of this litigation and the expenses thereof. The attorneys for Plaintiffs have adequate resources, experience and commitment to litigate this matter.

### G. Defendant Has Acted or Refused to Act on Generally Applicable Grounds

75. Defendants have acted and/or refused to act on grounds generally applicable to all members of the class and relief concerning the class as a whole is therefore appropriate. Each of Defendants' actions challenged herein affect Plaintiffs and each class member in an identical fashion.

76. Plaintiffs and the class members performed the same or similar job duties as one another in that they served food and drink for Defendants in Florida during the past five (5) years without receiving at least the minimum wage for *all* hours worked.

77. Plaintiffs and the class members were subjected to the same pay provisions in that they suffered or were permitted to work but not paid at least the minimum wage for all hours worked. Thus, the class members are owed minimum wages for the same reasons as Plaintiffs.

78. Defendants' failure to compensate class members for at least the minimum wage as required by the Florida Constitution results from a policy or practice of requiring class members to report their tips based on a percentage of their gross sales rather than based on the actual tips they received during their shift, to pay for customer "walk outs," and to pay for "cash shortages." This policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applies to all class members.

79. The proposed class is so numerous that joinder is impractical. The disposition of these claims through this class action will be more efficient and will benefit the parties and the Court. Defendants operate multiple restaurants in Florida, with over **three hundred class members** state-wide. The identities of the individual members of the class are ascertainable

through employment records of Defendants. Additionally, class members may be informed of the pendency of this class action by mailing, the internet or other means.

80. A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each class members' claims is impracticable. It would be unduly burdensome to the courts for individual litigants to proceed. Further, individual litigations present a potential for inconsistent and/or contradictory judgments and further increase the delay and expense to all parties and the courts. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale and comprehensive supervision by a single court. Additionally, notice of the pendency and/or resolution of this class action can be provided to class members by direct mail, as upon information and belief, Defendants have kept employment records detailing the names and addresses of past and present class members.

## VII. RELIEF SOUGHT

Wherefore, Plaintiffs demand an Order awarding:

(a) payment to them and all class members of minimum wages for all hours worked at the correct rate pursuant to Article X, Section 24 of the Florida Constitution;

(b) an equal amount of liquidated damages pursuant to Article X, Section 24 of the Florida Constitution, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law; and

(c) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to Article X, Section 24 of the Florida Constitution.

(d) certification of this case as a class action under the provisions of Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3).

Plaintiffs also demand a trial by jury.

Dated this 30th day of May, 2012.

                                      Respectfully submitted by,

                                      Carlos Leach, Esq.
                                      FL Bar No.: 0540021
                                      C. Ryan Morgan, Esq.
                                      FL Bar No.: 0015527
                                      Morgan & Morgan, P.A.
                                      20 North Orange Avenue, 14th Floor
                                      Orlando, Florida 32802-4979
                                      (T): (407) 420-1414
                                      (F): (407) 420-1210
                                      Email: Cleach@ForThePeople.com
                                      Attorneys for Plaintiffs